This is a suit to recover funds taken from a trust fund created by one James Van Blarcom. By his will, he left the sum of approximately $10,000 on deposit in the savings department of a Paterson bank. His two sons, Lewis Van Blarcom and Frank Van Blarcom, were executors and trustees. *Page 111 
As interest accrued, it was paid over to the beneficiary for life. Since Lewis Van Blarcom, one of the trustees, had gone to Michigan, it was the habit of the other one to send him blank checks to be signed in advance which upon return were filled in with the amount of interest and delivered to the beneficiary.
This practice continued for several years without any irregularity, but in 1933, Lewis Van Blarcom innocently signed four checks in blank in accordance with his usual practice. Instead of filling them in with the amount of interest and the name of the beneficiary and delivering them to her, Frank Van Blarcom filled them in for amounts aggregating some $8,000 and appropriated this sum to his own use. Most of the money was used to build and furnish a house on two lots owned by Frank Van Blarcom and Irene Van Blarcom, his wife, as tenants by the entirety. Frank Van Blarcom has since died and the present suit is brought by the beneficiaries and their representatives against his widow and the representatives of his estate, to recover the money wrongfully taken from the trust fund.
There is no question that the $8,000 was wrongfully taken. The only question is as to the relief that should be given as against Irene Van Blarcom. It is her contention that her relations to the transaction were entirely innocent and without knowledge and therefore that the trust impressed against the proceeds of the defalcation can only be against the building erected on the lot and not against the real estate to which legal title has now vested in her as the survivor.
I am, however, thoroughly convinced that Irene Van Blarcom had knowledge of the source of the money used to erect the building. Therefore, as a guilty participant in the fraud perpetrated against the trust estate, she is liable for the full amount thereof, and the liability is not limited to such portion of the funds misappropriated as now exist in the form of the building alone.
The testimony is very convincing on this point and her denials are very unsatisfactory. At the time the transactions took place, her husband had a very meagre income and his *Page 112 
possession of these large sums of money should have put her on inquiry. The sum of $500 was directly traced into her hands. In addition, there is the straightforward and convincing testimony of the co-trustee and that of an attorney of the highest standing at the bar, that before the death of Frank Van Blarcom, they taxed him with a defalcation in the presence of his wife, the defendant, Irene Van Blarcom, and his son, Garrett Van Blarcom, and that the three of them admitted that they knew that the house had been built and furnished with trust funds, with the lame explanation that they intended to sell the house at a profit and return the money.
There is also evidence tending to show that one of the two lots on which the building was erected was bought with trust funds.
I therefore find that it is established by the evidence that Irene Van Blarcom had knowledge of the source of the money used to build and furnish the house.
It is well settled that persons who deal with trustees in transactions not connected with the trust are put upon inquiry, and accept payments from the trustee of trust funds in his personal transactions at their peril. Prall v. Hamil, 28 N.J. Eq. 66; Goodell v. Monroe, 87 N.J. Eq. 328.
Not only will the court impress a trust upon the property purchased with the misappropriated funds, but it will also give a personal judgment for any deficiency against the wrongdoers.General Motors Acceptance Corp. v. Larson, 110 N.J. Eq. 305.
A decree will be advised impressing a trust for the amount of the defalcation against the land and building in question and directing that any deficiency be paid by Irene Van Blarcom personally and the estate of Frank Van Blarcom. *Page 113